# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNELL DALE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-03580-TWP-MPB |
| UPS and LM INSURANCE CORP., | ) ) ) |
| Defendants. | ) |

## ENTRY SCREENING THE AMENDED COMPLAINT AND ORDER TO SHOW CAUSE

On October 17, 2019, *pro se* Plaintiff Donnell Dale ("Dale") filed her "Amended Complaint for Employment Discrimination" ([Filing No. 7](#)). The Court previously granted Dale's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915 ([Filing No. 5](#)). Because Dale is allowed to proceed *in forma pauperis*, the Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, the Court must dismiss the Amended Complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). *Pro se* complaints such as that filed by Dale are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

In this civil action, *pro se* plaintiff Dale brings claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. For her race and disability employment discrimination claims, she alleges a hostile work environment, unequal terms and

conditions of employment, failure to promote, termination of employment, and failure to accommodate. She brings her claims against her employer, UPS, and other employees of UPS: Robert Marrow, Michael Jones, Andrew W. Cole, Adam (unload supervisor), Josh (unload supervisor), and Josh Wife (small sort department). She also appears to assert a claim against Liberty Mutual Insurance for "refus[ing] to correctly process my workmen compensation claim." ([Filing No. 7 at 7](Filing No. 7 at 7).)

Similar to her original Complaint, Dale's Amended Complaint fails to provide a factual basis to inform the Court and the potential defendants of the claims asserted. Although Dale has checked many boxes on her fill-in-the-blank complaint form, the Amended Complaint still fails to assert a claim to relief that is plausible on its face by providing ***factual content regarding the potential defendants' conduct*** to allow the Court to draw the reasonable inference that identifiable defendants are liable for the misconduct alleged. Where Dale alleges facts about particular defendants, she only uses generic phrases such as "failure to protect," "employment discrimination," and "racial discrimination" rather than identifying particular actions taken by the defendants. Accordingly, the Amended Complaint is subject to dismissal for lack of subject-matter jurisdiction.

The Court grants Dale leave until **Friday, November 29, 2019**, by which to show cause why judgment consistent with this Entry and the original Screening Order should not issue. If Dale elects to file a second amended complaint, she should conform with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." She also should identify each of the defendants by first and last name or by the company name, and then state what each defendant did to violate her rights.

If no amended complaint is filed by **Friday, November 29, 2019**, this action will be dismissed for the reasons set forth above and in the original Screening Order.

The claim asserted against Liberty Mutual Insurance for "refusing to correctly process my workmen compensation claim" is an unrelated claim, and unrelated claims against different defendants belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20 of the Federal Rules of Civil Procedure allows joinder of multiple defendants only when (1) the allegations against them involve the same transaction or occurrence, and (2) common questions of fact and law will arise as to all defendants. Because the Liberty Mutual claim is unrelated, if Dale chooses to pursue the claim, she should file that claim in a separate, new action.

**SO ORDERED.**

Date: 10/28/2019

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donnell Dale
7858 Island Club Drive
Apt. N
Indianapolis, IN 46214